United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PSHATOIA LAROSE,<br>*Plaintiff*,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-CV-0159 |

**MEMORANDUM AND RECOMMENDATION**

The District Judge assigned to this case held a hearing on June 25, 2024.[1] Plaintiff appeared personally at the hearing and testified on the record. ECF 31-2. At the hearing, the Court granted Plaintiff's counsel's motion to withdraw, struck the existing complaint from the record, and ordered Plaintiff, now proceeding pro se, to file a new complaint by July 16, 2024 if she "wished to continue this action and assume responsibility for its consequences." ECF 26. The Court cautioned Plaintiff that her pro se amended complaint would be "subject to the penalties of perjury." *Id.* The Court further ordered that the January 29, 2024 Scheduling and Docket Control Order, setting the deadline for the joint pretrial order as August 15, 2024 and docket call for September 17, 2024, would remain in place. *Id.* Plaintiff did not file an amended complaint as Ordered.

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

On July 19, 2024, Defendant filed a Motion to Dismiss for Want of Prosecution pursuant to Federal Rule of Civil Procedure 41(b). ECF 31. Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case with prejudice for failure to prosecute or failure to comply with federal rules or court orders. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Eustice v. Experian Info. Sols., Inc.*, No. CV H-20-1824, 2021 WL 4139154, at *2 (S.D. Tex. Aug. 21, 2021), report and recommendation adopted, No. CV H-20-1824, 2021 WL 4138407 (S.D. Tex. Sept. 9, 2021); *Boudwin*, 756 F.2d at 401. Dismissal with prejudice is a severe sanction but is appropriate when there is a clear record of delay, sanctions are likely to be futile, and there are aggravating factors such as intentional conduct by the plaintiff himself or prejudice to defendant. *Boudwin*, 756 F.2d at 401; *Matter of Valentine*, 733 F. App'x 184, 187 (5th Cir. 2018) (affirming dismissal with prejudice for failure to pay filing fees). The decision to dismiss a case with prejudice is reviewed for abuse of discretion. *Id.*

As noted above, the Court ordered Plaintiff to file her new Complaint by July 16, 2024, either pro se or with new counsel, and denied a request to extend deadlines. ECF 26. Thus, the June 25, 2024 Order explicitly directs that deadlines would not be extended simply because Plaintiff had not yet engaged new counsel. The Court

explained to Plaintiff that she was required to file the amended complaint and complete any needed discovery by the deadline of July 16, 2024 on her own if she did not engage new counsel. *Id.* at 16. Further, at the June 25, 2024 hearing, the Court informed Plaintiff that it was likely any extension requests would be denied because Plaintiff had not put forth any good basis for extending deadlines. ECF 31-2 at 13-18. Given this record, the Court finds that Plaintiff's failure to comply with the June 25, 2024 Order was intentional and that extending deadlines to give her additional time would be futile. Therefore, the Court RECOMMENDS that this case be DISMISSED WITH PREJUDICE for failure to comply with the Court's June 25, 2024 Order.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 29, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge